| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | RETURN DATE: JANUARY 12, 2016<br>AT 10:00 A.M. |

IN RE: STAGE PRESENCE, INC.,

                                            DEBTOR.

Chapter 11

Case No.: 12-10525-MEW

---------------------------------------------------------------------

MUSIC MIX MOBILE, LLC, JEFF SHAW PRODUCTIONS, INC., ONE FOOT PRODUCTIONS, LLC, V.I.P. PROMPTING CORPORATION, IDEA ASYLUM PRODUCTIONS, INC., KENIGMA, INC., EAST SHORE SOUND, INC., WEUSI BARAKA CHAPMAN, LLOYD JORDAN AND GEORGE M. BERA,

                                            Plaintiffs,

            -against-

ALLEN NEWMAN, MATTHEW WEINER, STAGE PRESENCE, INC., BSLC, INC., GREGORY MARQUETTE, "ABC CORP." D/B/A CHUNG KING and "XYZ CORP.", CHARLES H. WEINER and JP MORGAN CHASE BANK, N.A.,

                                            Defendants,

                        and

FAIRMONT TENANTS CORP.,

                                    Nominal Defendant.

ADV. P. NO. 15-01392-MEW


### MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS MATTHEW WEINER, BSLC, INC. AND CHARLES H. WEINER IN <u>SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>

**PRELIMINARY STATEMENT**

The Defendants, Matthew Weiner, BSLC, Inc.[1] and his father, Charles H. Weiner (the "Weiner Defendants") move pursuant to pursuant to Rules 7009 (b) and 7012 of the Federal Rules of Bankruptcy Procedure to dismiss the Adversary Plaintiffs' Complaint against them. The Complaint asserts frivolous claims against the Weiner Defendants which fail to state a claim against them for relief and/ or are not pled with sufficient particularity.

The adversary complaint is brought by vendors and employees of the debtor Stage Presence, Inc. with regard to claims arising out of a concert filmed on April 10, 2013 for broadcast in Washington, D.C. Plaintiffs attach to their complaint findings made in a related action filed in the District Court in which it is clear that it was the Debtor and the Debtor alone which contracted with all vendors for materials, services and labor.

Notwithstanding these findings, the Complaint attempts to assert claims against defendant Matthew Weiner in its First and Second Claims for Relief for breach of contract and fraud because they did not get paid by the Debtor. Weiner is not an officer, director or shareholder of the Debtor and there are no facts pleaded which make any claim against him for breach of contract and/or fraud plausible. In addition, the fraud claim asserted against Matthew Weiner is duplicative of the Plaintiffs' contract claim, fails to allege any of the essential elements of a claim of fraud and fails to plead the alleged fraud with sufficient particularity as required by Bankruptcy Rule 7009 (b). Plaintiffs Third Claim for Relief seeks to hold Matthew Weiner liable based on a theory of corporate veil piercing even

---

[1] This motion is made also on behalf of defendant BSLC, Inc., a company owned by Matthew Weiner, however, there are no specific allegations made against it and none of the claims for relief are asserted against it. Notwithstanding, the same rationale for dismissing the claims against defendant Matthew Weiner apply with equal force with respect to BSLC, Inc. BSLC, Inc. holds an undisputed scheduled claim in Stage's bankruptcy case in the amount of $150,000.00, which amount may need to be amended.

{00764540.DOC;1 }764540

though it is undisputed that he is not an owner or shareholder of the Debtor.  Plaintiffs' Tenth Claim for Relief seek to hold Matthew Weiner liable for failure to pay wages to three (3) of the Plaintiffs even though he cannot under any circumstances be considered their employer.  Finally, the Plaintiffs assert fraudulent conveyance claims against Matthew Weiner and Charles Weiner for property transferred by Charles Weiner to his two sons and for which, in return, he received a life estate.

The Complaint should never have been brought and is nothing but Plaintiffs' attempt to use this Court's jurisdiction to assert claims against non-debtor third parties, including the Weiner Defendants.  All of the claims asserted against the Weiner Defendants in the Complaint are frivolous and Rule 12 mandates that it should be dismissed by the Court.

## STATEMENT OF FACTS

The Complaint alleges that the Plaintiffs, who are employees and vendors of the Debtor, Stage Presence, Inc. ("Stage"), failed to get paid for their labor, materials and/or services which Stage contracted with them to provide in connection with a concert filmed on April 10, 2013 for broadcast in Washington, D.C. (the "Show").  See Complaint, ¶¶ 6 and 10.  Plaintiffs attach to their Complaint the "Judgment on Partial Findings" in *Magnuson, et al. v. Newman, et al.*, Docket No. 10-CV-6211 (RJH) (the "Magnuson Judgment").  *Magnuson* was an action brought by other plaintiff employees and vendors of Stage prior to the filing of its petition for bankruptcy in connection with the Show for their failure to get paid for their labor, materials and services.  The Plaintiffs in *Magnuson (*the "Magnuson Plaintiffs") sued not only Stage but other parties which they claimed were liable for Stage's debts, including Allen Newman, Matthew Weiner, Gregory Marquette, "ABC Corp" d/b/a Chung King

Filmed Entertainment and One From Each Island, Ltd.  The *Magnuson* action was eventually settled.

The Magnuson Judgment is referenced in Paragraph 14 of the Complaint and attached thereto and may be considered on this motion to dismiss.  The findings made by the District Court in the Magnuson Judgment doom Plaintiffs' Complaint against Weiner.  The District Court found that the Magnuson Plaintiffs had contracted with Stage for the provisions of material, labor and services in connection with the Show.  *See*, Magnuson Judgment, ¶¶ 8, 13-19.  In addition, the District Court found that Stage contracted with other vendors who were not named as plaintiffs but which 19 checks were given drawn on Stage's account which payees include all of the Plaintiffs in this action with the exception of plaintiffs Music Mix Mobile, LLC, Weusi Baraka Chapman, and Lloyd Jordan.  *See*, Magnuson Judgment, ¶¶ 17-19, 29-33.  The 19 checks were not paid because there were insufficient funds in Stage's account and Newman put a stop payment order on the checks. (the "19 Unpaid Checks").  *See*, Magnuson Judgment, ¶ 17.

The District Court found that "Stage Presence and Newman owe the other vendors and independent contractors for the work they did on the Show, in the amounts of the checks Newman signed."  *See*, Magnuson Judgment, ¶ 30.  Newman was the "sole shareholder" of Stage.  *See*, Magnuson Judgment, ¶ 1.  The District Court found that it was Newman and Allen Kelman and Tina Magnuson who hired the members of the production crew and it was Newman who instructed Kelman to give the 19 Unpaid Checks to Stage's vendors and independent contractors. *See*, Magnuson Judgment, ¶¶ 13-20.

There is no finding in the Magnuson Judgment that Matthew Weiner had hired or contracted with any of the plaintiffs in the Magnuson action or this action.  There is no

{00764540.DOC;1 }3

764540

allegation in the Complaint that Matthew Weiner is an owner or even officer of Stage. The only allegation is that Weiner was an "Executive Producer" of the Show. See, Complaint, ¶ 9.

Plaintiffs' First Claim for Relief attempts to assert a claim Matthew Weiner for breach of contract based upon the failure of the Plaintiffs to receive payment for the material, labor and services they contracted with Stage to provide in connection with the Show. See, Complaint, ¶¶ 12, 107-109. However, there are no allegations in the complaint that Weiner entered into a contract with any of the Plaintiffs. To the contrary, the Magnuson Judgment makes clear that the party that contracted with the Plaintiffs is Stage through Newman and Kelman. *See*, Magnuson Judgment, ¶¶ 13-20, 29-33.

Plaintiffs' Second Claim for Relief seeks to hold Matthew Weiner liable for fraud. See, Complaint, ¶¶ 110-112. The Complaint does not state with respect to each Plaintiff what statements were made by Weiner that constituted misrepresentations or omissions of material fact. Moreover, the Complaint fails to plead the other essential elements of a claim of fraud, including reliance, scienter and damages. In fact, the claim of fraud against Matthew Weiner is merely duplicative of Plaintiffs' First Claim for Relief for breach of contract.

Plaintiffs' Third Claim for Relief seeks to hold Matthew Weiner liable based on a theory of corporate veil piercing of Debtor Stage and other "corporate entities." See, Complaint, ¶¶ 113-115. However, there is no allegation that Matthew Weiner is an owner or officer of Stage and, indeed, the Magnuson Judgment makes clear that Newman is the sole shareholder of Stage. There is also no allegation that Matthew Weiner is an owner or shareholder of these alleged unidentified other "corporate entities." Finally, the essential

{00764540.DOC;1 }4

764540

elements of a claim for piercing the corporate veil are not pleaded. This claim asserted against Matthew Weiner is nonsensical.

Plaintiffs' Seventh and Eight Claims for Relief attempts to allege a claim for fraudulent conveyance against Matthew Weiner and his father Charles H. Weiner for the alleged transfer of a leasehold interest that Weiner held in real property at 1 Wheeler Road, Shelter Island, New York (the "Shelter Island Property"). See, Complaint, ¶¶ 129-134. It is alleged that Matthew Weiner and his father violated D.C.L. §270 *et seq.* because the transfer is alleged to have been made about the time that defendant Matthew Weiner "was about to incur a debt, with the actual intent to hinder, and delay and defraud his creditors." *See*, Complaint ¶¶ 102-106. However, a review of the Suffolk County records makes clear that a lease was entered into in which Matthew Weiner and his brother granted their father, Defendant Charles H. Weiner, a life estate in the Shelter Island Property in 2009 prior to the commencement of the Magnuson Acton. This life estate was granted to their father at or about the time that the Shelter Island Property was transferred to Matthew in 2009. It is absurd to assert a claim of fraudulent conveyance where real property was conveyed to the defendant prior to the commencement of an action and not conveyed by the defendant to a third party. The Seventh and Eight Claims for Relief asserted by Plaintiffs against Matthew Weiner and his father are similarly nonsensical.

Finally, Plaintiffs in their Tenth Claim for Relief seek to hold Matthew Weiner liable for Stage's purported failure to pay Weusi Baraka Chapman $400, Lloyd Jordan $650, and George Bera $4,000. See, Complaint, ¶¶ 145-148. This failure to make payment is alleged to violate the New York Minimum Wage Act. But as Matthew Weiner is not an officer,

director of shareholder of Stage, and no allegations are made that he was, he cannot be liable for wage claims.

## ARGUMENT

## LEGAL STANDARD

In reviewing a complaint for sufficiency under Rule 12(b)(6), the Court accepts all material facts alleged in the complaint as true and construes all reasonable inferences in the plaintiff's favor. *ECA Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir.2009); *Teamsters Local 445 Freight Div. Pension Fund v. DynexCapital, Inc.*, 531 F.3d 190, 194 (2d Cir.2008). Nonetheless, to survive a motion to dismiss under Rule 12(b)(6), a complaint must state plausible grounds for relief. *Bell Atl. Corp. v. Twombly*, 550U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009), the Supreme Court explained what the standards require by identifying two working principles. 129 S. Ct. 1949. First, the Court explained, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). This means that a plaintiff must plead facts in support of his claim. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and is "not bound to accept as true a legal conclusion couched as factual allegations." *Id*. at 1949-50.

Second, "[t]o survive a motion to dismiss," the facts pleaded by the plaintiff accepted as true, must be sufficient to state a claim for relief that is "plausible." *See* 129 S. Ct. at 1949

(quoting *Twombly,* 550 U.S. at 570). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "If the plaintiff 'ha[s] notnudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.'" *In re Wachovia Equity Securities Litigation*, --- F.Supp.2d ----, 2011 WL 1344027, *5 (S.D.N.Y. March 31, 2011) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

## POINT I

## PLAINTIFFS HAVE NO CLAIM AGAINST MATTHEW WEINER FOR BREACH OF CONTRACT

The Complaint and the Magnuson Judgment make clear that the Plaintiffs contracted with Stage and only Stage to provide material, labor and services in connection with the Show. A corporate officer of Stage would not even have any liability for a contract entered into by the corporation unless he signed the contract in his individual capacity. *Salzman Sign Co. v. Beck*, 10 N.Y.2d 63, 176 N.E.2d 74, 217 N.Y.S.2d 55 (1961). There is no allegation in the Complaint that Weiner is even a corporate officer of Stage or that he signed a contract on behalf of Stage and in his individual capacity. Indeed, the Magnuson Judgment makes clear that the vendors and employees of Stage were hired by Newman, Magnuson and Kelman. The Complaint against Weiner for breach of contract for Stage's failure to pay the Plaintiffs for material, labor and services they provided in connection with the Show because he was an "Executive Producer"[2] of the Show is insufficient as a matter of law and Plaintiffs' First Claim for relief as against Matthew Weiner should be dismissed.

---

[2] In any case, Matthew Weiner was not an Executive Producer, he was a Supervising Producer on the show.

{00764540.DOC;1 }7

764540

## POINT II

## PLAINTIFFS HAVE
## NO CLAIM AGAINST
## MATTHEW WEINER FOR FRAUD

The fraud claim pleaded by Plaintiffs against Mathew Weiner is merely duplicative of Plaintiffs' breach of contract claim. It seeks to recover the same damages and is based upon the same essential facts of nonpayment. It is well established that fraud claims that are duplicative of a claim for breach of contract are properly dismissed. *See Poplar Lane Farm LLC v. The Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59 (2d Cir. 2011) ("Under New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them as sounding in fraud . . . are generally precluded, unless based on a duty independent of the contract"); *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 57 (2d Cir. 2013) (plaintiff's fraud claim properly dismissed when "fraud allegations are nothing more than a restatement of its breach of contract claim"); *OP Solutions, Inc. v. Crowell & Moring, LLP*, 72 A.D.3d 622, 900 N.Y.S.2d 48, 49 (1st Dep't 2010) ("It is well settled that 'a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated.'") (quoting *Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 389, 516 N.E.2d 190, 521 N.Y.S.2d 653 (1987)). Plaintiffs have failed even to plead a cognizable contract claim against Matthew Weiner. Moreover, there is no "independent duty" pleaded in the Complaint, only some deficient attempt to purportedly plead "special damages" based upon the incomprehensible assertion that "defendant's acts have significantly increased the administrative and financial burdens that will be associated with their jobs in the future. . ..Plaintiffs will have to educate themselves about how to, and

actually verify the financial soundness of their employers and any guarantors of a production on which they have been offered employment." See, Complaint, ¶ 112.

Plaintiff also fails to plead any of the essential elements of a fraud claim against Weiner including "(1) a misrepresentation or omission of material fact; (2) made deliberately or knowingly (with scienter); (3) with the intent to defraud; (4) reasonable reliance on the representation; and (5) pecuniary damages or loss." *M&T Mortgage Corp. v. White*, 736 F. Supp. 2d 538, 560-61 (E.D.N.Y. 2010) (emphasis in original). In addition, Bankruptcy Rule 7009(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Bank. Rule 7009 (b)  Specifically, the Complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (citing *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989)); *see also Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999). In addition, where there are multiple defendants, Rule 9(b) requires that the plaintiffs allege facts specifying each defendant's contribution to the fraud. *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).  None of these essential requirements have been satisfied by Plaintiffs, providing an additional basis mandating dismissal of their fraud claim as against Matthew Weiner.

## POINT III

### PLAINTIFFS HAVE
### NO CLAIM AGAINST
### MATTHEW WEINER FOR
### CORPORATE VEIL PIERCING

Plaintiffs seek to hold Matthew Weiner liable under their Third Claim for Relief based upon a theory of corporate veil piercing. The elements of a claim of veil piercing under New York law include that the owner's stockholders exercised complete domination of the corporation and that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury. *Wm. Passalacqua Builders v. Resnick Developers S.*, 933 F.2d 131, 138 (2d Cir. 1991); *Pryor v. D'Alessio (In re D'Alessio)*, 2014 Bankr. LEXIS 221, at *20-21 (Bankr. E.D.N.Y. Jan. 17, 2014). Weiner is not an owner or stockholder of Stage and no claim may be asserted against him to pierce the corporate veil of Stage. Moreover, none of the essential elements of domination and fraud are alleged as against Matthew Weiner. Accordingly, no claim may be asserted against him to pierce the corporate veil of Stage or any other entity and Plaintiffs' Third Claim for Relief should be dismissed as against Matthew Weiner.

## POINT IV

### PLAINTIFFS HAVE NO
### CLAIM AGAINST MATTHEW
### WEINER FOR HIS ALLEGED VIOLATION
### OF THE NEW YORK MINIMUM WAGE ACT

Plaintiffs' Tenth Claim for Relief seek to hold Matthew Weiner liable for Stage's purported failure to pay Weusi Baraka Chapman $400, Lloyd Jordan $650, and George Bera $4,000 under the New York Minimum Wage Act. See, Complaint, ¶¶ 145-148. New York Labor Law §652 provides that "[e]very employer shall pay to each of its employees" certain

prescribed minimum wages. There is no allegation that Weiner is an "employer" of Chapman, Jordan or Bera and such an allegation could not be made since the Magnuson Judgment makes clear they were employees of Stage and were hired by Newman, Magnuson and/or Kelman. *See*, Magnuson Judgment, ¶¶13. Indeed the Complaint alleges specifically that Chapman, Jordon and Bera were "employed by Debtor to work on the Show." See, Complaint, ¶¶ 37 -39. Accordingly, Plaintiffs' Tenth Claim for Relief as against Weiner should be dismissed.

## POINT V

## PLAINTIFFS HAVE NO CLAIM FOR FRAUDULENT CONVEYANCE

In their Seventh and Eight Claims for relief Plaintiffs seek to hold Weiner and his father liable for the alleged fraudulent conveyance of the Shelter Island Property. The assertion of such a claim is preposterous since prior to the commencement of the Magnuson Action, Charles Weiner conveyed ownership of the Shelter Island Property to Weiner and his brother, and received a life estate in return and, therefore, as a matter of law no claim can be stated against the Weiner Defendants for fraudulent conveyance. Every claim of fraudulent conveyance is predicated on the conveyance of property **by** the party accused of making the fraudulent conveyance not like in this case where the property was actually conveyed **to** the accused party. Since Plaintiffs have no viable claim against Weiner in their complaint, they cannot assert a claim against him or his father for fraudulent conveyance under the Debtor Creditor Law and Plaintiffs' Seventh and Eight Claims for Relief must be dismissed.

## REQUEST FOR SANCTIONS

The Weiner Defendants submit that the Plaintiffs' filing of the Complaint is sanctionable under Rule 11.  Rule 11 requires that an attorney filing a pleading, written motion, or other paper, "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Fed. R. Civ. Pro. 11(b).   A false certification violates Rule 11(b)

The Weiner Defendants submit that the Complaint was filed for an improper purpose and solely to seek monies from parties that are no liable to the Plaintiffs, and using the bankruptcy forum to further that purpose.  Further, the Plaintiffs' Complaint is devoid of facts that support the claims made therein.  Because the Plaintiffs have violated Federal Rule 11, sanctions are appropriate.  *See Luscier v. Risinger Bros. Transfer, 2015 U.S. Dist. LEXIS 129640* at *29 (S.D.N.Y. Sept. 17, 2015);  *Gurvey v. Cowan, Leibowitz & Latman, P.C.*, 2015 U.S. Dist. LEXIS 124920 at *9-13 (S.D.N.Y.  Sept. 17, 2015).

## **CONCLUSION**

For all of the foregoing reasons, the Court should grant the Weiner Defendants motion to dismiss the complaint as against them in its entirety and award sanctions against the Plaintiffs and/or their counsel under Rule 11.

Dated:  New York, New York
        December 3, 2015

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.

By: /S/Robert Sasloff_____
    Robert Sasloff, Esq.
    John D'Ercole, Esq.

875 Third Avenue, 9th Floor
New York, New York 10022-0123
Tel No. 212-603-6300
*Attorneys for Defendants Matthew Weiner*
*BSLC, Inc., and Charles H. Weiner*