UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
In re:                                                                  :
                                                                        :  Chapter 11
STAGE PRESENCE INCORPORATED,                                            :
                                                                        :  Case No. 12-10525 (MEW)
                                    Debtor.                             :
------------------------------------------------------------------------x
MUSIC MIX MOBILE, LLC, JEFF SHAW                                        :
PRODUCTIONS, INC., ONE FOOT PRODUCTIONS,                                :
LLC, V.I.P. PROMPTING CORPORATION, IDEA                                 :
ASYLUM PRODUCTIONS, INC., KENIGMA, INC.,                                :
EAST SHORE SOUND, INC., WEUSI BARAKA                                    :
CHAPMAN, LLOYD JORDAN AND GEORGE                                        :
M. BERA,                                                                :
                                                                        :
                                    Plaintiffs,                         :
                                                                        :
    -against-                                                           :  Adv. Pro No. 15-01392 (MEW)
                                                                        :
ALLEN NEWMAN, MATTHEW WEINER,                                           :
STAGE PRESENCE, INC., ONE FOR EACH                                      :
ISLAND LTD., GREGORY MARQUETTE and                                      :
"XYZ CORP.", being the fictitious name of one or                        :
more entities,                                                          :
                                                                        :
                                    Defendants.                         :
------------------------------------------------------------------------x

**MEMORANDUM OPINION (I) GRANTING RECONSIDERATION BUT AFFIRMING
PRIOR DECISION ON MOTION TO DISMISS, AND (II) GRANTING SUMMARY
JUDGMENT AND DISMISSING STATUTORY CLAIMS FILED BY WEUSI BARAKA
CHAPMAN AND LLOYD JORDAN AGAINST MATTHEW WEINER**

A P P E A R A N C E S:

THE LAW OFFICE OF KERRY E. CONNOLLY, ESQ.
New York, New York
    Counsel for the Plaintiffs
    By:  Kerry E. Connolly, Esq.

SHAFFERMAN & FELDMAN LLP.
New York, New York
    Counsel for Debtor
    By:  Joel Shafferman, Esq.

ROBINSON BROG LEINWAND GREENE GENOVESE
& GLUCK P.C.
New York, New York
   Counsel for Matthew Weiner
  By:  Robert M. Sasloff, Esq.
      John D. D'Ercole, Esq.

THE LAW OFFICE OF JOHN CARLSON
Merrick, New York
   Counsel for Allen Newman
  By: John Carlson, Esq.

**MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY JUDGE**

     Among the many claims set forth in this adversary proceeding are claims by Weusi Baraka Chapman and Lloyd Jordan to recover unpaid wages for work they performed in connection with an April 2010 benefit program in Washington DC. Chapman and Jordan contend that Stage Presence Incorporated, together with individual defendants Allen Newman and Matthew Weiner, were "employers" and therefore share statutory liability for the payment of wages, liquidated damages and attorneys' fees under the New York Labor Law or, alternatively, under the District of Columbia Labor Law. For the reasons set forth below, the Court has determined that the statutory claims against Weiner are governed by District of Columbia law, and that summary judgment should be granted because the claims are time-barred.

## Procedural History

     The procedural history of this matter is complicated and requires a detailed summary.

     The amended complaint was filed on March 3, 2016. [ECF Docket No. 21.] Chapman and Jordan asserted claims under the New York Labor Law or, alternatively, under District of Columbia law. *Id.* ¶¶ 173-178. They contended that Weiner was liable for Stage Presence's debts on "alter ego" theories and also that Weiner was an "employer" who had direct statutory liability for unpaid wage claims.

2

Weiner moved to dismiss the claims against him. [ECF Docket No. 27.] The sole ground for Weiner's motion to dismiss the Labor Law claims was that plaintiffs had not alleged that Weiner had enough control over employees to make him an "employer." Weiner argued:

> In determining whether a corporate officer, shareholder or agent is liable under the "economic reality" test, courts consider whether the alleged employer "(1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Michalek v. Amplify Sports & Entm't LLC*, 111 Civ. 508, 2012 U.S. Dist. LEXIS 85727 at * 8 (S.D.N.Y. June 20, 2012). The conclusory allegations in the Revised Amended Complaint that Weiner had the authority over the Plaintiffs to direct their actions and instruct them how to perform their jobs and he had the power to hire and fire Plaintiffs are undermined by the Magnuson Judgment and do not meet the plausibility test especially given that Weiner was neither an owner, officer or director of Stage Presence.

*Id.* at p. 24. The "Magnuson" action was a prior litigation that related to the same April 2010 benefit program and that had been brought by other wage claimants against Weiner, Newman and Stage Presence in the United States District Court for the Southern District of New York. *See Magnuson v. Newman*, No. 10-CV-6211 (JMF).

Chapman and Jordan opposed the motion to dismiss. Among other arguments, they pointed to a decision by the District Court in *Magnuson* holding that there was sufficient evidence of Weiner's "control" over employees to create a genuine issue of triable fact as to whether he should be treated as an "employer." *See* ECF Docket No. 34 at p. 30. Weiner filed reply papers [ECF Docket No. 38], but those reply papers only addressed other claims, and made no further arguments regarding the *Magnuson* case or the Labor Law claims.

After considering the parties' submissions and hearing argument, the Court dismissed the "alter ego" claims against Weiner, but denied his motion to dismiss the statutory wage claims. *See* Docket Nos. 46 and 47. The Court observed that the allegations were "thin" but that they were sufficient, particularly since the District Court had allowed similar claims to proceed:

3

> Plaintiffs' NYLL violation claim against Weiner makes only conclusory allegations that Weiner had the authority over Plaintiffs to direct their actions, and fails to plead any facts regarding the elements listed by the *Herman* court. On the other hand, Plaintiffs allege that a separate action in the District Court was allowed to proceed against Weiner on the same "employment" theory and that the District Court in that case denied a motion for summary judgment on the employment issue. While the allegations are thin, the Court will allow them to proceed in light of the prior litigation involving similar parties and the prior rulings made in the District Court action on the same points.

*See* Docket No. 47 at p. 18-19.

Weiner moved for reconsideration of this portion of the Court's prior ruling. [ECF Docket No. 50.] Weiner argued that the claims that were the subject of the prior District Court ruling were claims under the Fair Labor Standards Act, and that the District Court had dismissed claims under the New York Labor Law, holding that the plaintiffs worked in the District of Columbia and that the New York Labor Law did not apply.

Two matters then came on for hearing on August 17, 2016. One was Weiner's motion for reconsideration, and the other was a separate objection by Stage Presence Incorporated to the merits of the separate claims that Chapman and Jordan had filed in the underlying bankruptcy case. The motion for reconsideration was addressed first. The Court acknowledged that it had been mistaken in describing the prior ruling by the District Court. However, the Court noted that that the District Court had determined that claims could proceed against Weiner on the theory that he was an "employer" for purposes of the FLSA, and observed that it was unclear whether the standards for determining "employer" liability are any less expansive under the New York Labor Law. Weiner's counsel argued that the New York Labor Law is not applicable and that District of Columbia law should be applied, but the Court observed that Weiner had made no such argument in his initial motion to dismiss and that the point therefore was not a proper issue to raise on a motion for reconsideration.

4

The Court then addressed Stage Presence's objections to the proofs of claim, at which point there was a more extensive discussion of the choice of law issues. The Court observed that there were potential differences in the remedies provided under the New York and District of Columbia statutes, and directed the parties to submit further briefs on the issue of whether the statutory claims are governed by New York law or District of Columbia law.

Stage Presence, Jordan and Chapman made the requested submissions, and Weiner also filed a submission on the issue. [ECF Docket No. 57.] Weiner argued that the statutory claims are governed by the laws of the District of Columbia and also argued, for the first time, that such claims are barred by the statute of limitations. *Id.* Chapman and Jordan filed a response on September 7, 2016, arguing that New York law should apply to the substantive claims and further contending that the New York statute of limitations would apply (even if District of Columbia substantive law were applicable) by virtue of New York's borrowing statute, CPLR § 202. [ECF Docket No. 59.]

At oral argument on September 12, 2016, the Court observed that choice of law and statute of limitations issues had not been raised by Weiner in the original motions to dismiss, but that Weiner was not barred from raising the issues as a ground for summary judgment. The Court informed the parties that it would treat Weiner's submission as a motion for summary judgment on statute of limitations grounds, with Chapman's and Jordan's submissions constituting their opposition to such a motion. No party objected to this approach. The attorney for Chapman and Jordan also agreed that all of the work performed by Chapman and Jordan had been performed in the District of Columbia and not in New York, and that no further evidence or factual hearing was needed on that point. She contended that Chapman and Jordan were New York residents (a point about which one defendant raised questions) and offered to submit

5

further evidence on that issue, but the Court stated that it would presume that Chapman and Jordan were New York residents in deciding whether summary judgment should be granted.

Finally, the Court identified some additional legal issues that the parties needed to address concerning the potential application of the borrowing statute. The Court directed the parties to make additional submissions addressing those issues, *see* Docket Nos. 60 and 62, and the parties made those additional submissions on September 20, 2016.

### Jurisdiction and Ability to Render a Final Decision

The parties have previously consented to a final determination of all claims by this Court. *See* Docket Nos. 39, 40, 41, 43. These consents are sufficient as a statutory and constitutional matter to permit this Court to render a final decision. 28 U.S.C. § 157(c)(2); *Wellness International Network, Ltd., et al. v. Sharif*, 575 U.S. ___ (2015).

### The Motion for Reconsideration

When the Court made its prior rulings it understood that in the *Magnuson* case the District Court had permitted claims under the New York Labor Law to proceed against Weiner. That understanding was incorrect. The District Court allowed plaintiffs to pursue claims that Weiner was an "employer" for purposes of the Fair Labor Standards Act. However, the District Court dismissed claims under the New York Labor Law, holding that New York statute did not apply to work done in the District of Columbia. *See Magnuson v. Newman*, *Magnuson v. Newman*, No. 10-CV-6211 (JMF), 2013 WL 5380387, at *5 (S.D.N.Y. Sept. 25, 2013).

As a technical matter the Court will grant the motion for reconsideration in light of the prior error in describing the *Magnuson* ruling. However, after having reconsidered the matter the Court determines that the error was of no consequence to the issue that was decided by the Court. The only point as to which the *Magnuson* decision was cited in the Court's prior ruling – and the

6

only issue actually raised by Weiner in his motion to dismiss – was the substantive issue of whether Weiner may be regarded as an "employer" for purposes of the New York Labor Law. The District Court's prior decision in *Magnuson* may have involved claims under the FLSA as opposed to the New York Labor Law, but Weiner has not identified any difference in the standards that are to be applied under the two statutes in determining whether an individual is an "employer." To the contrary: Weiner's memorandum in support of his motion to dismiss cited to the decision in *Michalek v. Amplify Sports & Entm't LLC*, 111 Civ. 508, 2012 U.S. Dist. LEXIS 85727 at * 8 (S.D.N.Y. June 20, 2012), which held that the "economic reality" test applied by the courts in FLSA cases is also applied in determining whether an individual is an "employer" for purposes of the New York Labor Law. In fact, the four-part "economic reality" test that Weiner urged the Court to apply is a test that the *Michalek* court borrowed from the decision in *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). The *Herman* decision involved claims under the FLSA, not under the New York Labor Law.

The error identified by Weiner in the Court's prior decision therefore has no bearing on the issue that Weiner raised in his motion to dismiss or on the prior ruling made by the Court, and the Court declines to alter its prior decision on that ground.

### **Procedural Issues as to the Summary Judgment Motion**

At the hearing on August 17 the Court notified the parties that it would not consider choice of law issues in connection with Weiner's motion for reconsideration, since those issues had not been raised in the initial motion to dismiss. Weiner nevertheless made additional submissions on this issue and on the statute of limitations issue, and Chapman and Jordan filed responses. The Court then directed that Weiner's submissions on the statute of limitations issue would be treated as a motion for summary judgment, and that the responses filed by Chapman

7

and Jordan would be treated as oppositions thereto. The Court so ruled at the conference held on September 12, 2016, and also in a separate Order. *See* Docket No. 60.

Chapman and Jordan made no objection on September 12 to the treatment of the prior submissions as a motion for summary judgment. However, Chapman and Jordan have argued in their most recent submission that the summary judgment motion cannot be heard because the Court has not entered a formal order on the prior motion for reconsideration. *See* Docket No. 63. They appear to be under the impression that the Court has "converted" the prior motion to dismiss to a motion for summary judgment, and that such a "conversion" may not occur unless and until the prior motion to dismiss is formally reopened.

However, the Court made clear on August 17 that it would not consider choice of law issues in connection with the motion for reconsideration because they had not been raised in the motion to dismiss. The Court's ruling on September 12 was not a "conversion" of a motion to dismiss. Instead, it was a decision to treat the parties' submissions as having been made in connection with an independent motion for summary judgment. *See* Fed. R. Civ. P. 56(f)(3), made applicable by Fed. R. Bankr. P. 7056 ("[a]fter giving notice and a reasonable time to respond, the court may: . . . (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.") The Court identified material facts that did not appear to be in dispute (*i.e.*, that Chapman and Jordan had worked in the District of Columbia rather than New York); notified the parties that it would consider the issue on summary judgment, to which no party objected; confirmed the parties' agreement that no additional evidence was needed; and set a briefing schedule to which the parties agreed. Chapman and Jordan claimed no prejudice and made no objection, and their belated procedural complaints are unfounded.

8

**Governing Law**

Plaintiffs have acknowledged that all of the work performed by Chapman and Jordan was performed in the District of Columbia. It is well-settled that the New York Labor Law does not apply to work that is performed outside the State of New York. *Magnuson*, 2013 WL 5380387, at * 5 (citing, *Goshen v. Mut. Life Ins. Co. of N.Y.*, 730 N.Y.S.2d 46, 47 (App. Div. 1st Dep't 2001) for the proposition that "it is a settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state ... enacting it.") (internal citations and quotations marks omitted); *Warman v. American National Standards Institute*, No. 15-CV-5486 (RA), 2016 WL 3676681 at *2 (S.D.N.Y. July 6, 2016).[1]

Chapman and Jordan acknowledge that "the rule against extraterritorial application of the NYLL has not an insignificant amount of support in courts in this district," and they have cited five decisions in which courts have refused to apply the New York Labor Law to instances in which work was performed outside the State of New York. *See* ECF Docket No. 59, at pp. 6-7. Chapman and Jordan nevertheless argue that a conflicts of law "interests analysis" should be applied, citing to the "impact" rule articulated in *Hoffman v. Parade Publs.*, 15 N.Y.3d 285, 290-91 (2010). They interpret *Hoffman* as holding that New York law is applicable if employment actions affect New York residents, regardless of where the underlying work occurred.

Chapman and Jordan are wrong in their interpretation of *Hoffman*. In *Hoffman*, the New York Court of Appeals considered the question of whether a nonresident of New York, who

---

[1] *See also O'Neill v. Mermaid Touring Inc.*, 968 F.Supp.2d 572, 578 (S.D.N.Y. 2013); *Hart v. Dresdner Kleinwort Wasserstein Sec., LLC*, No. 06-CV-0134 (DAB), 2006 WL 2356157, at *7 (S.D.N.Y. Aug. 9, 2006); *Hammell v. Paribas*, No. 90-CV-4799 (JSM), 1993 WL 426844, at *1 (S.D.N.Y. Oct. 22, 1993).

9

worked outside of New York, could nevertheless assert claims that the termination of his employment violated the New York City Human Rights Law and the New York State Human Rights Law. It is true that the Court of Appeals held that an "impact" test was appropriate in determining whether nonresidents may claim the protections of the relevant statutes. However, the Court also made clear that in its view the "impact" test was not satisfied unless the nonresident plaintiff worked in New York. *See* 907 N.Y.S.2d at 148 (holding that the application of an impact requirement "does not exclude all nonresidents from its protection; rather, it expands those protections to nonresidents *who work in the city*, while concomitantly narrowing the class of nonresident plaintiffs who may invoke its protection) (emphasis added); *id.* (noting that the impact requirement would be easy for courts to apply because it confines the protections of the Human Rights Law "to those who are meant to be protected – those who work in the city"); *id.* (holding that the State Human Rights Law was intended to apply to persons who "work" in New York and that the Court's "impact" requirement would achieve the same end because "it permits those who work in the state to invoke its protections"). The Court of Appeals rejected Hoffman's arguments that New York law should apply simply because discriminatory decisions had allegedly been made in New York or arguably had other effects within New York.

These aspects of the *Hoffman* decision are of no help to Chapman and Jordan. They merely hold that different statutes were intended to apply to both residents and nonresidents who work in New York. Chapman and Jordan claim something quite different: they contend that the New York Labor Law should apply to their claims, even though they worked in the District of Columbia. To the Court's knowledge, no decision of any New York State or federal court has applied *Hoffman* in this way or has given such extraterritorial effect to the New York Labor Law.

10

In *Hoffman* the Court of Appeals also noted that the State Human Rights Law had an explicit "extraterritorial" provision that made the statute applicable to discriminatory acts committed outside the State of New York that affect New York residents. *Id*. at 149. The Court of Appeals held, however, that this provided additional grounds to deny Hoffman's claims, because the extraterritorial provision only benefited residents of New York (not nonresidents). This portion of the *Hoffman* decision also is of no benefit to Chapman and Jordan, because it illustrates that the New York legislature can and does expressly give extraterritorial effect to statutes when that is its intent. The *Magnuson* court correctly observed the New York Labor Law has no such extraterritorial provision. Instead, as stated in the *Magnuson* decision, the policy behind the New York Labor law makes clear that it was intended to apply only to work performed in New York:

> Article 19 of the NYLL, which includes the minimum wage, overtime, and spread of hours provisions relevant to this case, begins with a "Statement of Public Policy" section stating that it was enacted to address the fact that "[t]here are persons employed in some occupations *in the state of New York* at wages insufficient to provide adequate maintenance for themselves and their families."

*Magnuson*, 2016 WL 3676681 at *5 (quoting, N.Y. Lab. Law § 650) (emphasis in original).

Chapman and Jordan also argue that New York law should apply because the payment of their wages was to be made in New York by a New York payroll entity, using a New York payroll processing accounts and New York bank accounts. However, plaintiffs made the same arguments before the District Court in the *Magnuson* case. [*See Magnuson*, Case No. 10-CV-6211, ECF # 155 at p.10.]

The claims being asserted here are statutory claims. An "interest analysis" cannot be used to give extraterritorial effect to a statute when the legislature did not provide that the statute would have such effect. The New York Labor Law regulates the terms on which work may be

11

performed in New York State. It only applies to work done in New York, and therefore does not apply to Chapman's and Jordan's claims. Their statutory claims can only be asserted under similar provisions in the District of Columbia Labor Law.

## Statute of Limitations

The District of Columbia Labor Law plainly states that any claim thereunder must be asserted within three years. *See* 32-1308 (c)(1). Chapman and Jordan agreed on September 12, 2016 that their claims arose in April 2010 when the work was performed. This adversary proceeding was not filed until November 2, 2015, which was more than three years after the claims accrued. Chapman and Jordan argue, without citation, that a four year statute of limitations should apply under District of Columbia law, but even if that were correct the claim against Weiner would still be time-barred.

Chapman and Jordan argue that similar claims under New York law are subject to a six-year statute of limitations, *see* New York Labor Law §§ 198(3) & 663(3), and that the Court should apply the six-year New York statute of limitations pursuant to the terms of New York's borrowing statute, which states as follows:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

CPLR § 202.

New York courts have long treated statutes of limitations on common law claims as "procedural" limits on claims rather than matters of substantive law, and this policy is reflected in Section 202 of the CPLR. *Tanges v. Heidelberg North America, Inc.*, 710 N.E.2d 250, 253 (1999). It is well-settled, however, that Section 202 of the CPLR does not apply if a statute of

limitations is a matter of substantive law and not merely a procedural limit on the assertion of a claim. *Id*. The New York Court of Appeals explained the difference in *Tanges*:

> The general rule, which has rather wide acceptance, may be simply stated: *If a statute creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause*. If the cause was cognizable at common law or by other statute law, a statutory time limit is commonly taken as one of limitations and must be asserted by way of defense."

*Id.* (emphasis in original) (quoting *Romano v Romano*, 19 NY2d 444, 447 (1967)). On this ground, New York courts have consistently held that where claims are created by a statute in another state, and where the other state's statute imposes a time limit on the assertion of such claims, the time limit is a matter of substantive law and not merely procedural, and that CPLR § 202 does not apply. *Romano*, 19 NY2d at 448 (1967) ("Generally, where a statute creates a cause of action which was unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance, limiting the right as well as the remedy"); *see also Fishman by Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143 (2d Cir. 1998) ("Ordinarily a time limitation is deemed a condition precedent if it is fixed in the statute that creates the cause of action, whereas a statutory time limitation must be pleaded as the affirmative defense of statute of limitations if the cause of action was previously cognizable either at common law or by virtue of another statute"); *Clark v. Abbott Labs.*, 553 N.Y.S.2d 929, 933 (4th Dept. 1990); *Grabowski v. Specialty Nat'l Ins. Co.*, 958 N.Y.S.2d 307 at *7 (Sup. Ct. Oct. 7, 2010).

Here, the claim against Weiner is purely a creature of statute. Chapman and Jordan may have common law or contract rights to claim wages from Stage Presence, but they have not contended that they have any common law rights to payment of their wages by Weiner. Instead, their claims are based entirely on the statutory definition of an "employer" and on the notion that the statute imposes liability where the common law otherwise would not do so. Their claims to

13

recover the liquidated damages that are imposed by statute, and to recover attorneys' fees, also plainly are based entirely on the relevant statute and not on the common law.

Chapman and Jordan argue that the provisions of the New York Labor Law and the District of Columbia Labor Law are almost identical to each other, and that the Court therefore should apply Section 202 of the CPLR in the same way that it would apply Section 202 to a common law claim. Doing so, however, would be contrary to the rule enunciated by New York courts in the many decisions cited above. The only applicable statute here (the District of Columbia Labor Law) contains a three-year limitations period, and that limitations period must be regarded as a provision of substantive law and not merely as a procedural limitation on the claims that Chapman and Jordan may assert. Section 202 of the CPLR therefore does not permit application of the statute of limitations that would apply under the New York Labor Law, and the claims against Weiner are time-barred.

**Conclusion**

For the foregoing reasons, the motion for reconsideration is granted as to the Court's prior rulings on the motion to dismiss, but upon reconsideration the prior decision is upheld and will not be changed. The deemed motion for summary judgment is granted, and judgment shall be entered dismissing the statutory claims asserted against Weiner by Chapman and Jordan.

Dated: New York, New York
      September 28, 2016

                                      **s/Michael E. Wiles**
                                      UNITED STATES BANKRUPTCY JUDGE